HON. R. C. WATTS, ASSOCIATE JUSTICE AND CHIEF JUSTICE.

HON. THOS. P. COTHRAN, ASSOCIATE JUSTICE

HON. J. HARDIN MARION, ASSOCIATE JUSTICE

HON. EUGENE S. BLEASE, ASSOCIATE JUSTICE

HON. JOHN G. STABLER, ASSOCIATE JUSTICE

HON. JESSE F. CARTER, ASSOCIATE JUSTICE

## 12385

### BEATY v. CAROLINA LIFE INSURANCE CO.

(141 S. E., 681)

1. APPEAL AND ERROR—ORDER REFUSING TO STRIKE PORTIONS OF PLEADING AS IRRELEVANT AND REDUNDANT IS NOT APPEALABLE BEFORE JUDGMENT.—An order refusing a motion to strike out portions of a pleading as being irrelevant and redundant is not appealable before final judgment.

2. PARTIES—MULTIPLICITY IS NOT GROUND FOR MOTION TO STRIKE OUT PARTY.—Multiplicity of parties is not a ground for motion to strike out name of one of them.

3. PLEADING—THE COMPLAINT STATING A SINGLE CAUSE OF ACTION, MOTION FOR SEPARATE STATEMENT OF CAUSES IS INAPPROPRIATE.—The complaint stating a single cause of action for damages on account of fraudulent breach of contract, motion for separate statement of causes of action has no proper place.

Before WILSON, J., Chester, November, 1927. Appeal dismissed.

Action by Calvin S. Beaty and others against the Carolina Life Insurance Company. From certain orders, defendant appeals.

*Messrs. Ashley C. Tobias, Jr.,* and *Gaston, Hamilton & Gaston,* for appellant.

*Messrs. Hemphill & Hemphill,* and *Glenn & MacAulay,* for respondent.

February 28, 1928.

The opinion of the Court was delivered *per curiam.*

This is a motion by respondents to dismiss the appeal of the defendant upon the ground that the orders appealed from are not appealable until after final judgment.

The orders are: (1) Refusing to strike out certain allegations of the complaint as irrelevant. (2) Refusing to strike out the name of one of the plaintiffs. (3) Refusing to make the complaint more definite and certain by stating the several causes of action set up therein separately.

I. An order refusing a motion to strike out portions of a pleading as being irrelevant and redundant, it has been repeatedly held by this Court, is not appealable before final judgment.

II. A multiplicity of parties is not even a ground of demurrer, and certainly not a ground of a motion to strike.

III. The complaint states a single cause of action for damages on account of an alleged fraudulent breach of contract; no occasion arises, therefore, to invoke the remedy of a separate statement of causes of action.

The appeal is, therefore, dismissed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.